# Exhibit 1

*State Court Documents*

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> COUNTY OF DORCHESTER ) <br> ) <br> ) <br> James Capers ) <br>               Plaintiff, ) <br> ) <br>     -vs- ) <br> ) <br> USAA Casualty Insurance Company ) <br> and Garrison Property and Casualty ) <br> Insurance Company ) <br> ) <br>              Defendants. ) | IN THE COURT OF COMMON PLEAS <br> FIRST JUDICIAL CIRCUIT <br> C/A NO. 2024-CP-18- <br><br><br> **SUMMONS** <br> (Jury trial demanded) |

**TO:     DEFENDANTS ABOVE-NAMED:**

     YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscriber at 1281 Russell Street, Orangeburg, South Carolina 29115 within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint.

                                                                        s/Maya Grace Slaughter
                                                                        Maya Grace Slaughter, 105409
                                                                        WILLIAMS & WILLIAMS ATTORNEYS AT LAW
                                                                        1281 Russell Street
                                                                        Orangeburg, SC 29115
                                                                        Tel: (803) 534-5218
                                                                        Fax: (803) 536-6544
                                                                        Email: maya@williamsattys.com

May 30, 2024
Orangeburg, South Carolina

                                                                        ATTORNEY FOR PLAINTIFF

ELECTRONICALLY FILED - 2024 May 30 3:36 PM - DORCHESTER - COMMON PLEAS - CASE#2024CP1800906

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF DORCHESTER<br><br>James Capers<br>           Plaintiff,<br><br>-vs-<br><br>USAA Casualty Insurance Company and Garrison Property and Casualty Insurance Company<br><br>           Defendants. | IN THE COURT OF COMMON PLEAS<br>FIRST JUDICIAL CIRCUIT<br>C/A NO. 2024-CP-18-<br><br>**COMPLAINT**<br>(Jury trial demanded) |

James Capers, Plaintiff, above-named, complaining of Defendant herein, would allege:

1) Plaintiff is a citizen and resident of the County of Berkeley, State of South Carolina.

2) Upon information and belief, Defendant USAA Casualty Insurance Company is an insurance company authorized to do business in the State of South Carolina and subject to the insurance laws of the State of South Carolina. Defendant does business in Dorchester County, South Carolina.

3) Upon information and belief, Defendant Garrison Property and Casualty Insurance Co. is an insurance company authorized to do business in the State of South Carolina and subject to the insurance laws of the State of South Carolina. Defendant does business in Dorchester County, South Carolina.

4) Plaintiff insured a property located at 3265 Wire Rd, Saint George, South Carolina in the County of Dorchester, State of South Carolina through Defendants USAA Casualty Insurance Company AND Garrison Property and Casualty Insurance Company.

5) The most substantial part of the acts and/or omissions giving rise to the causes of action stated herein occurred in Dorchester County, South Carolina.

2

ELECTRONICALLY FILED - 2024 May 30 3:36 PM - DORCHESTER - COMMON PLEAS - CASE#2024CP1800906

6) A substantial part of the property that is the subject of this action is situated in Dorchester County, South Carolina.

7) Venue is proper in Dorchester County.

**FACTS**

8) In 2023, Plaintiff made an application for insurance coverage with Defendants to insure his property located at 3265 Wire Road, Saint George, South Carolina.

9) After providing the necessary information, Defendants issued Plaintiff a Fire Insurance Policy bearing Policy Number # 05545 73 10 81A (hereinafter referred to as "the Insurance Policy") effective October 19, 2023, insuring Plaintiff's property located at 3265 Wire Road, Saint George, South Carolina.

10) The Insurance Policy designated the valuation of the property at 3265 Wire Road to be $318,000.00 and Dwelling Coverage under the Insurance Policy was provided with a $318,000.00 Limit of Liability.

11) Plaintiff timely paid all premiums due for the Insurance Policy.

12) The Insurance Policy was in full force and effect at all times relevant to this Complaint.

13) On November 1, 2023, Plaintiff's property was destroyed by fire.

14) Plaintiff was not at the property at the time of the fire but upon receiving notification of the fire timely notified the Defendants and initiated a claim.

15) In a letter dated January 31, 2024, Defendants denied Plaintiff's claim citing the reason for denial as "Concealment or Fraud" and accused Plaintiff of intentionally concealing or misrepresenting the condition of the 3265 Wire Road property at the time he obtained coverage.

ELECTRONICALLY FILED - 2024 May 30 3:36 PM - DORCHESTER - COMMON PLEAS - CASE#2024CP1800906

16) In the January 31, 2024 Letter, Defendants claimed Plaintiff provided that 3265 Wire Road property "had no unrepaired damages and outside of minor cosmetic flaws had no other issues" and "only needed to be painted" at the time of coverage.

17) Defendants further claimed that after an investigation, *which took place after the loss*, they determined that Plaintiff's 3265 Wire Road property "was in a state of disrepair" at the time they issued the Insurance Policy and thus Plaintiff's alleged statements regarding the condition of the property prior to coverage constituted a violation of the policy's fraud and concealment clause.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

18) Plaintiff realleges and reiterates the allegations of the First Cause of Action as fully as if repeated herein verbatim.

19) A contract existed between Plaintiff and Defendants as evidenced by Insurance Policy # 05545 73 10 81A ("the Insurance Policy") and Plaintiff was entitled to coverage under the contract created by the Insurance Policy.

20) Plaintiff complied with all obligations of the policy and submitted a legitimate claim to Defendants for fire damage to his property; Defendants were obligated to pay the Plaintiff's claim under the Policy and Defendants have unreasonably denied the claim and failed and refused to pay the claim.

21) The actions of Defendants constitute a breach of the terms of the Insurance Policy.

22) Plaintiff is informed and believes that he is entitled to judgment against Defendants for actual damages, together with interest and the cost of this action from Defendants.

ELECTRONICALLY FILED - 2024 May 30 3:36 PM - DORCHESTER - COMMON PLEAS - CASE#2024CP1800906

## FOR A SECOND CAUSE OF ACTION
### (Negligence)

23) Plaintiff realleges and reiterates the allegations of the First Cause of Action as fully as if repeated herein verbatim.

24) On or about November 1, 2023, Plaintiff made a claim for fire damage to his property under the Policy issued by Defendants to Plaintiff.

25) On January 31, 2024, Defendants notified Plaintiff that his claim was denied because he intentionally concealed/misrepresented material facts at the time he obtained coverage.

26) Defendants acted negligently, carelessly, and recklessly in denying coverage under the Policy on the Plaintiff's dwelling and Defendants were negligent, careless, and reckless in one or more of the following particulars:

   a. In misconstruing, misinterpreting, or failing to properly review the documentation provided to Defendants related to Plaintiff's claim;

   b. In relying on an evaluation of the property after it had been demolished by flames to make determinations regarding its condition prior to the loss;

   c. In failing to inspect the property prior to loss but accusing the Plaintiff of mischaracterizing the property;

   d. In failing to properly review the documents related to Plaintiff's damages;

   e. In wrongfully denying coverage for the fire damage to Plaintiff's property;

   f. In placing their own interests ahead of those of the insured;

   g. In failing to use the degree of care that a reasonable and prudent insurance company would use in determining whether or not to deny coverage under the Policy;

   h. In violating one or more of the statutes of regulations governing insurance in South

ELECTRONICALLY FILED - 2024 May 30 3:36 PM - DORCHESTER - COMMON PLEAS - CASE#2024CP1800906

Carolina.

27) That as a result of and proximately caused by the negligence, carelessness, and recklessness of Defendants in one or more of the particulars listed above, Plaintiff has been damaged.

28) That as a proximate cause of Defendants' negligence, carelessness and recklessness, Plaintiff has been damaged and is entitled to judgment for actual damages, punitive damages, and the cost of this action from Defendants.

<u>FOR A THIRD CAUSE OF ACTION</u><br>(Bath Faith)

29) That Plaintiff realleges and reiterates the allegations of the First and Second Causes of Action above as fully as if repeated herein verbatim.

30) Defendants' have acted wrongfully, unreasonably, and in bad faith in the following particulars:

a. In wrongfully denying Plaintiff's claim based upon an erroneous and unfounded claim of concealment or misrepresentation;

b. In failing and refusing to make an adequate investigation before withholding benefits to the insured;

c. In failing to give reasonable interpretation to the provisions in the Insurance Policy or reasonable application of such provisions to Plaintiffs' claim

d. In failing and refusing to pay Plaintiff's claim pursuant to the Policy;

e. In failing to make a good faith effort to effectuate a prompt fair and equitable settlement of the claim;

f. In compelling Plaintiff to institute litigation to recover amounts due under an insurance policy because of Defendants' wrongful denial of Plaintiff's claim;

g. In engaging in improper claims practices as set forth in S.C. Code § 38-59-20.

31) The actions of Defendants as alleged herein were committed in wrongful and malicious and/or reckless disregard of the rights of Plaintiff, were committed without a reasonable basis, and

ELECTRONICALLY FILED - 2024 May 30 3:36 PM - DORCHESTER - COMMON PLEAS - CASE#2024CP1800906

Defendants knew or recklessly disregarded facts that would demand swift payment of Plaintiff's claim.

32) Defendants' failure to pay pursuant to the policy is in bad faith and in violation of the public policy of the State of South Carolina.

33) Upon information and belief, Defendants' bad faith allows Plaintiff to seek punitive damages. Plaintiff hereby seeks judgment for punitive damages.

34) That Plaintiff is informed and believes that he is entitled to actual and punitive damages from Defendants based on Defendants' bad faith and refusal to pay Plaintiff's claim pursuant to the Policy; Plaintiff claims actual and punitive damages against Defendants for bad faith.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual damages, plus interest; or in the alternative, Plaintiff is entitled to judgment against the Defendants, for actual and punitive damages for negligence; or in the alternative, Plaintiff is entitled to actual and punitive damages for bad faith; Plaintiff is also entitled to the cost of this action from Defendants.

s/Maya Grace Slaughter
Maya Grace Slaughter, 105409
WILLIAMS & WILLIAMS ATTORNEYS AT LAW
1281 Russell Street
Orangeburg, SC 29115
Tel: (803) 534-5218
Fax: (803) 536-6544
Email: maya@williamsattys.com

May 30, 2024
Orangeburg, South Carolina

ATTORNEY FOR PLAINTIFF