**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| JAMES CAPERS,<br><br>Plaintiff,<br><br>vs.<br><br>GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | ) | No. 2:24-cv-04549-DCN<br><br>**ORDER** |

This matter comes before the court after the jury's return of a verdict in plaintiff James Capers's favor on October 28, 2026. See ECF No. 64. The jury determined that defendant Garrison Property and Casualty Insurance Company ("Garrison") had breached an insurance policy it issued to Capers for coverage on a home. See id. The jury also determined that Garrison had failed to prove its affirmative defense of recission based upon a material misrepresentation. See id. Garrison argued in its pre-trial brief and at the close of trial that its recission defense was equitable and should therefore be decided by the court as opposed to the jury.

The court finds that, under South Carolina law, Garrison's recission defense was properly submitted to and decided exclusively by the jury. See United Ins. Co. of Am. v. Stanley, 289 S.E.2d 407, 465 (S.C. 1982) (holding that "trial judge correctly submitted the question of fraud to the jury[ ]" when insurer alleged that insured had "fraudulently procured the insurance policy by misrepresenting the insured's health . . . on the application"); Johnson v. South State Ins. Co., 341 S.E.2d 793, 793–94 (S.C. 1986) (reinstating jury verdict in a case where insurer "argued that fraud as to the contents

voided the entire contract[.]"); Strickland v. Prudential Ins. Co. of Am., 292 S.E.2d 301, 302 (S.C. 1982) (observing that case where insurer asserted contract was "void ab initio because of the material misrepresentations and/or the fraudulent misrepresentations made in the application for insurance" was an "action at law[,]" which had been "tried by consent before a Special Referee."); Atlantic Life Ins. Co. v. Beckham, 126 S.E.2d 342, 346 (S.C. 1962) ("[W]e are of opinion that the issues as developed here were properly submitted to the jury to say whether the Appellant Insurer by clear and convincing testimony established its claim for rescission, [and] that the verdict . . . should be affirmed[.]"); Shenandoah Life Ins. Co. v. Smallwood, 737 S.E.2d 857, 860 (S.C. Ct. App. 2013) (reversing trial court's grant of insurer's motion for a directed verdict for the in an action "[t]o void a life insurance policy for misrepresentation on the application[ ]" because there was evidence in the record "from which a jury could reasonably reach the . . . conclusion" that the insurer "failed to prove by clear and convincing evidence that [insured] intended to defraud the insurance company.").

Even if the recission defense were an equitable claim to be decided by court, the court would consider the jury to have issued its verdict as an advisory jury, and the court would adopt the jury's finding with respect to recission. See Fed. R. Civ. P. 39(c). However, the court emphasizes that it finds the recission claim was properly decided by the jury pursuant to the previously cited authorities.

For the reasons set forth above, the court **DENIES** Garrison's request for the court to decide the merits of its recission defense.

**AND IT IS SO ORDERED.**

[Signature on Following Page]



**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 5, 2026**
**Charleston, South Carolina**